UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andrew Blanding,<br>    *Petitioner*,<br><br>        v.<br><br>United States of America,<br>    *Respondent.* | Civil No. 3:09cv927 (JBA)<br><br><br><br>September 20, 2012 |

RULING ON MOTION TO VACATE OR SET ASIDE CONVICTION AND
CORRECT SENTENCE

Petitioner Andrew Blanding, proceeding *pro se*, petitions for a writ of habeas corpus and moves to set aside his sentence [Doc. # 1] under 28 U.S.C. § 2255. Mr. Blanding also moves [Doc. # 6] for appointment of counsel to assist him in his petition. Mr. Blanding argues that he was denied effective assistance of counsel as guaranteed under the Sixth Amendment because his attorney failed to argue that his prior state convictions for the sale of narcotics and for escape were not predicate offenses under the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)). For the reasons discussed below, Mr. Blanding's petition and motion to appoint counsel will be denied.

I.    Factual Background

On January 16, 2008, Petitioner was arrested for unlawful possession of a firearm by a previously convicted felon under 18 U.S.C. § 922(g). On January 25, 2008, after waiving his right to indictment (Waiver of Indictment, No. 3:08cr18 [Doc. # 11]), Mr. Blanding pled guilty to a one–count information (Information, Case No. 3:08cr18 [Doc. # 10]), pursuant to an eight–page plea agreement dated that same day (Plea Agreement, Case No. 3:08cr18

[Doc. # 12]). The information charged Petitioner with transfer of a firearm to a prohibited person in violation of 18 U.S.C. § 922(d). He allocuted that on November 20, 2007, he had knowingly sold a firearm to a convicted felon.

Pursuant to the Plea Agreement and Fed. R. Crim. Proc. 11(c)(1)(C), the United States and Mr. Blanding agreed that in exchange for the Government's decision not to charge him as an armed career criminal, Mr. Blanding would accept a sentence of 96 months' imprisonment—the top of his applicable Guideline range. (*Id.* at 4.) Under the terms of the Plea Agreement, the Court was bound to impose a 96–month sentence if it accepted the agreement. (*Id.*) The Plea Agreement also stated that "the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, . . . the conviction or sentence of imprisonment if that sentence does not exceed 96 months." (*Id.* at 5.) Given the binding nature of Petitioner's plea agreement, the Court did not accept the agreement at the plea colloquy, choosing instead to wait until after receiving the parties' sentencing memoranda and entertaining arguments at the sentencing hearing before agreeing to be bound. At the sentencing hearing on June 20, 2008, the Court heard arguments as to Petitioner's criminal history and the uncertainty regarding his status as an armed career criminal. After hearing from the Government and defense counsel as to the appropriateness of a 96–month sentence, the Court accepted Mr. Blanding's binding plea agreement and sentenced him to 96 months' imprisonment under its terms. The Court entered judgment on June 23, 2008, and as Petitioner did not appeal his sentence, it became final fourteen days later. On June 10, 2009, Mr. Blanding filed this petition under 28 U.S.C. § 2255.

II.     Discussion

To obtain collateral relief under 28 U.S.C. § 2255, a Petitioner must show that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Habeas corpus relief is an extraordinary remedy and should only be granted where it is necessary to redress errors that, were they left intact, would "inherently result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). As a general rule, "relief is available under § 2255 only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Napoli v. United States*, 32 F.3d 31, 35 (2d Cir. 1994).

The Government makes two arguments in opposition to Petitioner's § 2255 petition: that Mr. Blanding's collateral attack on his conviction and sentence is precluded by the plea agreement that he entered into and is procedurally barred by his failure to appeal his sentence, and that even if Mr. Blanding were allowed to bring this § 2255 motion, his arguments are without merit.

A.     Knowing and Voluntarily Waiver

"Where the record clearly demonstrates that the defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004). When a defendant brings an appeal or collateral attack despite having signed a waiver, the Court must undertake a two–step inquiry. First, the Court must determine whether the plea was knowing and voluntary. Second, the Court must determine whether, by its terms, the plea

3

agreement specifically bars the appeal or collateral attack of the conviction or sentence. *See United States v. Ready*, 82 F.3d 551, 556 (2d Cir.1996).

Under the first prong, "a waiver of the right to appeal should only be enforced . . . if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *Id.* at 557 (internal quotation marks and citations omitted). Here, the Petitioner's plea agreement expressly included a waiver of Mr. Blanding's right to appeal or collaterally attack his sentence:

> It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 96 months, even if the Court imposes such a sentence by a Guideline analysis different from that anticipated by the parties. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

(Plea Agreement at 5.) The Court also informed Mr. Blanding of the following at his plea allocution:

> [A] specific thing that you have agreed to in your plea agreement is that you will not—you give up your right to appeal or collaterally attack in any proceeding, including what we call a 2255 or 2241 proceeding, if that sentence is 96 months or less . . . [and you] waive[] your rights to attack by the habeas corpus process your conviction if your sentence is 96 months or less.

In addition to signing the waiver in his plea agreement, Mr. Blanding acknowledged that he had waived these rights after this colloquy with the Court. Petitioner also filed a written, signed petition to enter a plea of guilty, in which he acknowledged that he was knowingly and voluntarily entering a plea of guilty. (*See* Petition to Enter a Plea of Guilty, Case No.

4

3:08cr18 [Doc. # 13].)  In his Petition, Mr. Blanding described what occurred, writing: "On Nov. 20, 2007 I sold a gun to a guy who was a felon.  I knew he was a felon" (*id.* at 13), and he acknowledged that "I offer my plea of 'GUILTY' freely and voluntarily and of my own accord.  I also declare that my attorney has explained to me, and I understand, the statements set forth in the Information and in this petition" (*id.* at 14).

At the allocution Petitioner indicated that he understood that the plea agreement clearly stated that Mr. Blanding agreed not to appeal or collaterally attack his sentence if "that sentence does not exceed 96 months." (Plea Agreement at 5.) Thus, the Court concludes that Mr. Blanding's waiver of his right to appeal or collaterally attack his conviction and sentence as a term of his plea agreement was knowing and voluntary, and that the plea agreement expressly included such a waiver.  Accordingly, Mr. Blanding's § 2255 motion attacking his sentence and conviction must be dismissed, unless he can demonstrate ineffective assistance of counsel, i.e., a claim of constitutional infirmity in the plea process and thus not bared by his waiver. *See United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) ("Even if the plain language of the plea agreement barred this appeal, we would not enforce such a waiver of appellate rights in this case because the defendant is challenging the constitutionality of the process by which he waived those rights. We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.")

B.    Ineffective Assistance of Counsel Argument

Mr. Blanding argues that he was provided with ineffective assistance of counsel during his plea agreement and sentencing.  Petitioner asserts that his counsel was ineffective

5

for "failing to argue priors at sentencing," and "failing to argue court enhancements." (Pet. at 5.) Specifically, Mr. Blanding claims that his attorney did not "take[] the proper time to investigate [his] criminal history background/criminal category precisely," because counsel failed to argue that Mr. Blanding's state convictions for escape and 1991 state conviction for sale of narcotics were not predicate offenses under the ACCA.

A claim of ineffective assistance of counsel challenging a guilty plea is assessed under the two–pronged standard first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and as further construed by *Hill v. Lockhart*. *See Hill*, 474 U.S. 52, 58 ("We hold therefore that the two–part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). The first prong considers whether counsel's performance was objectively unreasonable "under prevailing professional norms." *Strickland*, 466 U.S. at 688. To satisfy this element, an error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and counsel's performance must have been "outside the wide range of professionally competent assistance," *id.* at 690. Second, the petitioner must affirmatively prove prejudice by showing that counsel's errors were so serious that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. In the context of a plea agreement, this means that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  "[T]he failure to make a meritless argument does not rise to the level of ineffective assistance, and 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) (quoting *Strickland*, 466 U.S. at 690.)  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [] strategy."  *Strickland*, 466 U.S. at 689.

Petitioner claims that his attorney provided constitutionally ineffective assistance in advising him regarding his plea agreement and advocating for him during sentencing, because defense counsel never argued that his 1991 state conviction for sale of narcotics and his state convictions for escape were not predicate offenses under the ACCA.  However, Mr. Blanding's characterization of his attorney's conduct is inaccurate.  At sentencing, defense counsel *did* argue that Petitioner's 1991 state drug conviction and state escape convictions were likely not predicate offenses under the ACCA, and thus the Government could prove only two of the three required predicates (i.e., a later drug conviction and a conviction for first–degree assault).

In his Memorandum in Aid of Sentencing (Case No. 3:08cr18 [Doc. # 28]), defense counsel argued that because the plea transcript for Mr. Blanding's 1991 state drug conviction could not be located, the Government would likely be unable to prove that it was a "serious drug offense" within the meaning of the ACCA.  (*See* Mem. in Aid of Sentencing at 2 (citing *United States v. Madera*, 521 F. Supp. 2d 149 (D. Conn. 2007)).)  Mr. Blanding's attorney

7

also pointed out that the Supreme Court had recently granted *certiorari* in a case that could establish that Mr. Blanding's escape convictions were not predicate offenses under the ACCA, and that therefore the Government would not have been able to charge him under that statute.  (*See id.* (citing *United States v. Chambers*, 473 F.3d 724 (7th Cir. 2007), *cert. granted*, 553 U.S. 1003 (2008)).)  Defense counsel then went on to state:

> However, because of current Second Circuit law regarding escape convictions, as well as the uncertainty of whether the drug convictions would qualify, there is a risk that Mr. Blanding would indeed be deemed an armed career criminal if indicted for felon in possession of a firearm, the charge for which he was arrested.  Thus it is defense counsel's opinion that Mr. Blanding is receiving a benefit of the bargain under his negotiated Rule 11(c)(1)(C) plea agreement because even if he was successful in convincing this Court that he was not an armed career criminal his best case scenario might be a sentence at the low end of the guideline range, or 77 months, thus saving himself 19 months' incarceration.  However, if he lost the gamble, his sentence would jump from an eight–year sentence to at least a 15–year sentence.

(*Id.* at 2–3 (citations omitted).)  Defense counsel and the Government also pointed out the uncertainty regarding Mr. Blanding's status as an armed career criminal during his sentencing hearing: "The parties both recognize that we're really not sure what would happen if we were to go forward on the 922(g) charge and see if he was an armed career criminal."  Thus, the issues that Petitioner now raises were brought before the Court in advance of his sentencing, before the Court agreed to be bound by the sentence in his plea agreement, and his attorney represented to the Court that the uncertainty in the law did not change his advice regarding Mr. Blanding's plea agreement.

In his sentencing memorandum, defense counsel cited the relevant district court cases addressing whether Mr. Blanding's state drug conviction was a predicate offense at the time of sentencing.  However, about a month after Mr. Blanding was sentenced, the Second

8

Circuit decided *United States v. Savage*, 542 F.3d 959, 964–65 (2d Cir. 2008), which would have required the conclusion that without this plea transcript, or a plea agreement or charging document, the Government could not have established that Mr. Blanding's 1991 drug conviction was an ACCA predicate. Furthermore, approximately a year after Petitioner's sentencing, the Supreme Court ruled in *United States v. Chambers*, 555 U.S. 122 (2009), that escape convictions similar to Mr. Blanding's were not ACCA predicates. Thus, under the current law, Petitioner could not be sentenced as an armed career criminal.[1] However, defense counsel's performance must be evaluated from his perspective at the time of the plea agreement. *See Kirsh*, 54 F.3d at 1071. Mr. Blanding's attorney correctly identified the state of the law at the time of sentencing, while pointing out potential uncertainties to the Court. Indeed, he raised the very arguments that Mr. Blanding makes in his petition. Defense counsel did not commit the errors that Petitioner alleges—i.e., he did "argue [Mr. Blanding's] priors at sentencing." (Pet. at 5). Thus, Mr. Blanding's attorney was not objectively unreasonable because he advanced these arguments to the Court, even though he simultaneously advised Mr. Blanding to accept the plea offer. *See Mims v. United States*, No. 08-cv-1400 (JCH), 2009 WL 1992943, at *6 n.4 (D. Conn. July 9, 2009) (holding that it was not unreasonable to challenge the status of defendant's escape convictions as ACCA predicates where defendant was sentenced before *Chambers* was decided).

For argument's sake, even if defense counsel's arguments regarding the then–current uncertainty in the law could be deemed to meet the first prong of the *Strickland* test,

---

[1] It should be noted that Petitioner was not sentenced as an armed career criminal. Rather he was sentenced within the advisory Guideline range under U.S.S.G. § 2K2.1, with a reduction for timely acceptance of responsibility.

Petitioner cannot establish "prejudice" under the second prong. Although Petitioner received a sentence at the top of his Guideline range, he still received some benefit from his guilty plea, because his offense level was reduced by three points for his timely acceptance of responsibility. U.S.S.G. § 3E1.1. Even without the increased statutory minimum under the ACCA, Mr. Blanding still would have faced a higher sentence if he went to trial and were convicted because he would not have been entitled to the reduction for acceptance of responsibility.[2] Further, Petitioner does not claim he would not have pled guilty but for his counsel's failure to challenge his armed career criminal status. He only alleges that "if counsel had investigated properly Petitioner's sentence would have been different instead of a plea at the top of the Guidelines."[3] (Pet'r's Reply [Doc. # 11] at 2.) Thus, Petitioner has not establish that he would have "insisted on going to trial," *Hill*, 474 U.S. at 59, and his argument must fail under the second prong of the *Strickland* test. Therefore, Petitioner's claim of ineffective assistance of counsel lacks merit.

---

[2] Without the three–point reduction, Petitioner's Guideline range would have been 100 to 125 months' imprisonment, higher than the term to which he was sentenced.

[3] Even if this allegation were sufficient to establish prejudice, Petitioner's ineffective assistance of counsel claim would still fail, because his attorney did investigate the law applicable to his prior convictions and argued to the Court that these prior convictions might not be ACCA predicates before the Court sentenced Petitioner to the term he agreed to in his plea agreement. Thus, there is nothing to suggest that Petitioner would have received a lower sentence if the Court had been aware of these issues. At sentencing, the Court stated: "And so the question is, is an eight–year sentence sufficient but not too much or too little to promote respect for the law and punish you for the offense in the context of your lengthy criminal history. . . I'm satisfied that this sentence that you have agreed to with the Government properly meets the goals of sentencing." Given Petitioner's extensive criminal history, including a conviction for first–degree assault, it is misplaced optimism to think that the Court would not have sentenced Mr. Blanding to the top of his Guideline range even without being bound by the plea agreement.

C.   Evidentiary Hearing

Mr. Blanding has not requested an evidentiary hearing as to the claims he raises in his § 2255 petition. Even if he had made such a request, however, an evidentiary hearing is not required where the record plainly demonstrates that the moving party is not entitled to relief and the court concludes that the petitioner's claims are truly without merit. *See United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) ("Where a petition omits meritorious allegations that can be established by competent evidence, it would go too far to say that it was error for the district court to have failed to conduct a full evidentiary hearing.") (internal citations omitted). Because it plainly appears to the Court from an examination of the record that Mr. Blanding's petition lacks any meritorious claim, no evidentiary hearing is necessary under these circumstances.

III.  Conclusion

For the reasons discussed above, Mr. Blanding's Petition [Doc. # 1] to Vacate, Set Aside, or Correct his Sentence is DENIED without a hearing. His Motion [Doc. # 6] for Appointment of Counsel is DENIED for failure to show likely merit. *See Da Conceicao Custodio v. INS*, Case No. 302CV155 (CFD), 2002 WL 1608329, at *1 (D. Conn. June 28, 2002) ("In determining whether to appoint counsel, the district judge should first determine whether the indigent's position seems likely to be of substance." (quoting *Hodge v. Police Officers*, 802 F. 2d 58, 61 (2d Cir. 1986)).

The only remaining issue is whether to issue a Certificate of Appealability ("COA"). Under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right." *Id.* In order to sustain this burden, Mr. Blanding would have to show "that reasonable jurists could debate whether . . . the petition should have been

11

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted). "Where a district court has rejected [a petitioner's] claim[] on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Id.* Here, the Court does not find that reasonable jurists could determine that Mr. Blanding's counsel was constitutionally ineffective for failing to argue that his prior state convictions could not be predicate offenses under the ACCA, because his attorney did in fact raise this very issue with the Court in his sentencing memorandum. Therefore, the Court declines to issue a COA.

    The Clerk is directed to enter judgment for Respondent and to close this case.

                                      IT IS SO ORDERED.

                                      /s/

                                  Janet Bond Arterton, U.S.D.J.

    Dated at New Haven, Connecticut this 20th day of September, 2012.